98 Cal.Rptr.2d 214 (2000)
82 Cal.App.4th 562
Brian McKOWN, Plaintiff and Respondent,
v.
WAL-MART STORES, INC., Defendant and Appellant.
No. E025572.
Court of Appeal, Fourth District, Division Two.
July 21, 2000.
Review Granted October 18, 2000.
*215 Snyder & Strozier, Barry Clifford Snyder, Santa Barbara, and Will Tomlinson, for Defendant and Appellant.
Garza, Garza & Pacheco, John M. Pacheco; Law Offices of Robert H. Pourvali and Robert H. Pourvali, Los Angeles, for Plaintiff and Respondent.

OPINION
RICHLI, J.
The issue in this case is whether an injured employee of an independent contractor may sue the party who hired the contractor for providing unsafe equipment which allegedly contributed to the injury. We conclude such a claim is viable notwithstanding the general rule set forth in Privette v. Superior Court (1993) 5 Cal.4th 689, 21 Cal.Rptr.2d 72, 854 P.2d 721 (hereafter Privette) and Toland v. Sunland Housing Group, Inc. (1998) 18 Cal.4th 253, 74 Cal.Rptr.2d 878, 955 P.2d 504 (hereafter Toland) that an employee of an independent contractor may not sue the person hiring the contractor for injury resulting from the contractor's negligence.

I

FACTUAL AND PROCEDURAL BACKGROUND
Wal-Mart Stores, Inc. (Wal-Mart) hired plaintiffs employer, Musi-Cal, to install sound systems in several Wal-Mart stores, including one in Chino. The work involved running wires and installing speakers on the store ceilings.
Wal-Mart requested that Musi-Cal use the Wal-Mart stores' forklifts whenever possible in performing the work, including the Chino job. The Chino store had equipment for overhead work, consisting of a work platform with a four-foot extension. The extension was designed to be attached to the forks of a forklift, with the platform set onto four pins on top of the extension. For safety, the extension was to be chained to the forklift, and the platform chained either to the forklift or to the extension.
Plaintiff and another Musi-Cal employee, Charles Herron, went to the Chino store one evening to perform the work. A Wal-Mart employee brought a forklift, with the extension and platform already assembled, to Herron and plaintiff. There was a chain provided to secure the extension to the forklift. No other chain was provided.
Herron and plaintiff discussed their concern about using the equipment without a chain securing the platform to the extension or forklift, but decided to proceed. While Herron was driving the forklift and plaintiff was working on the platform, the platform hit a ceiling pipe, disengaged from the extension, and fell about 12 to 15 feet to the floor with plaintiff in it.
The jury found Wal-Mart was negligent in providing unsafe equipment and allocated 55 percent of the responsibility for the accident to Musi-Cal, 23 percent to Wal-Mart, 15 percent to the manufacturer of the equipment, and 7 percent to plaintiff. The jury found total damages of $752,212.94, and the court entered judgment against Wal-Mart for $193,727.79. Wal-Mart appeals, contending Privette and Toland bar plaintiffs claim that Wal-Mart *216 provided unsafe equipment, as a matter of law.[1]

II

DISCUSSION

A. General Rule of Nonliability of a Hiring Party Under Privette and Toland
Under the doctrine of peculiar risk, a person who hires an independent contractor to do inherently dangerous work can be held liable in tort if the contractor negligently injures others in performing the work. (Toland, supra, 18 Cal.4th 253, 256, 74 Cal.Rptr.2d 878, 955 P.2d 504.) In Privette, supra, 5 Cal.4th 689, 21 Cal. Rptr.2d 72, 854 P.2d 721, however, the Supreme Court held the hiring party's liability does not extend to the independent contractor's employees. The court reasoned that it would be anomalous to subject the hiring party to tort damages when the contractor's liability is limited to workers' compensation benefits. (Id., at pp. 698-703, 21 Cal.Rptr.2d 72, 854 P.2d 721.)
In Toland, supra, 18 Cal.4th 253, 74 Cal.Rptr.2d 878, 955 P.2d 504, the court considered whether Privette should apply only to peculiar risk liability under the Restatement Second of Torts (hereafter the Restatement), section 416, or also should apply to liability under section 413 of the Restatement. Both sections impose liability where the hiring party should realize that injury is likely unless the contractor takes special precautions in performing the work. Section 416 applies where the hiring party provides for such precautions, but the contractor fails to take the precautions. Section 413 applies where the hiring party fails to provide for the precautions.[2]
The Toland court held Privette bars recovery in either case. It rejected the plaintiffs contention that Privette only precludes "vicarious" liability under the Restatement, section 416, and not "direct" liability under section 413. Liability under both sections, the court stated, is "vicarious" in the sense it is based on the negligent conduct of the contractor, but "direct" in the sense it is based on the hiring party's breach of its own duty to see that precautions are taken. Under Privette, however, a hiring party has no duty to specify the precautions the contractor should take for the safety of the contractor's employees. Therefore, Privette pre-cludes *217 liability under either section when it is the contractor's employees who are injured. (Toland, supra, 18 Cal.4th at pp. 264-267, 74 Cal.Rptr.2d 878, 955 P.2d 504.)

B. Possible Liability Where Hiring Party Itself is Negligent

Privette and Toland raise the question whether a hiring party may be held liable if its independent negligent conduct contributes to the injury, even though it may not be held liable for failing to require the contractor to take special precautions. The court in Toland stated: "[I]t would be unfair to impose liability on the hiring person when the liability of the contractor, the one primarily responsible for the worker's on-the-job injuries, is limited to providing workers' compensation coverage." (Toland, supra, 18 Cal.4th at p. 267, 74 Cal.Rptr.2d 878, 955 P.2d 504, italics added.) This statement could be read to mean that, even if the hiring party's own conduct was partly responsible for the injury, Privette would still bar recovery as long as the contractor was primarily responsible.
Similarly, the court in Toland observed that "[i]mposing on the hiring person a liability greater than that incurred by the independent contractor (the party with the greatest and most direct fault) is equally unfair and illogical whether the hiring person's liability is premised on the theory of section 413 ... or the theory of section 416...." (Toland, supra, 18 Cal.4th at p. 270, 74 Cal.Rptr.2d 878, 955 P.2d 504, italics added.) Again, this statement could be read to mean that, even if the hiring party has some fault, he or she is not liable as long as the contractor's own fault is greater and more direct.
Elsewhere in the opinion, however, the Toland court seemingly left open the possibility that a hiring party could be liable to the contractor's employees if the injuries resulted from the hiring party's own conduct rather than merely from the hiring party's failure to prevent the contractor from acting negligently. The court stated that "[b]y concocting a duty in a particular situation to prevent another from acting negligently ... it is always possible to impose liability on one person for the negligence of another and to label that liability `direct.'" (Toland, supra, 18 Cal.4th at p. 265, fn. 3, 74 Cal.Rptr.2d 878, 955 P.2d 504.) It criticized the concurring and dissenting opinion for refusing "to acknowledge any distinction between this artificial `direct liability' and the liability imposed on the hiring person for injuries resulting from the hiring person's own conduct, such as, for example, concealing a hidden danger [citation] or insisting on use of an unsafe method to execute the work." (Ibid., italics added.)
The Toland court went on to state: "Our decision in no way precludes employees of independent contractors from seeking recovery from a general contractor or other hiring person for personal injury resulting from a failure to disclose a concealed preexisting danger at the site of the hired work that was known to the hiring person. Recovery in such a case would be for fraudulent concealment or misrepresentation, however, and would not ... depend on the peculiar risk doctrine." (Toland, supra, 18 Cal.4th at p. 269, fn. 4, 74 Cal.Rptr.2d 878, 955 P.2d 504.)
Thus, Toland suggests that, notwithstanding the general rule of Privette precluding liability for the contractor's negligence, a hiring party still may be liable to an employee if "the hiring person's own conduct" causes or contributes to the injury. (Toland, supra, 18 Cal.4th at p. 265, fn. 3, 74 Cal.Rptr.2d 878, 955 P.2d 504.) Two recent Court of Appeal decisions have adopted this interpretation of Privette and Toland.
In Grahn v. Tosco Corp. (1997) 58 Cal. App.4th 1373, 68 Cal.Rptr.2d 806 (hereafter Grahn), the court held a property owner could be liable for allowing an employee of an independent contractor to be exposed to asbestos while working on its premises. The employee asserted three *218 theories of negligence against the property owner: negligent hiring of the contractor, negligent exercise of control over the contractor's work, and negligent use and maintenance of the premises. (Id., at pp. 1380, 1389, 68 Cal.Rptr.2d 806.) The court concluded that "... Privette did not abrogate the law in California that a hirer of an independent contractor may be liable to the independent contractor's employee for the hirer's own independent fault." (Id., at p. 1379, 68 Cal.Rptr.2d 806, italics added.) Rather, "... Privette is limited to cases of peculiar risk seeking to impose liability on hirers of independent contractors vicariously under the rubric of a nondelegable duty. It does not impair the right of an injured employee to sue the hirer for causes of action not based on principles of vicarious liability." (Id., at p. 1389, 68 Cal.Rptr.2d 806, italics added.)
Grahn was decided after Privette but before Toland. Wal-Mart points out that Toland disavowed the distinction between "vicarious" and "direct" liability as a basis for deciding whether a hiring party should be liable. Therefore, Wal-Mart questions Grahn's conclusion that Privette only bars "vicarious" and not "direct" liability.
However, Toland only rejected the "vicarious versus direct" distinction to the extent it might be used to circumvent Privette's holding that a hiring party has no duty to specify the precautions a contractor should take for the safety of its employees. That holding is not inconsistent with Grahn's conclusion that a hiring party may still be liable for its own negligence. In such a case, liability is predicated on the hiring party's duty to use due care in its own actions (such as the maintenance of its property as in Grahn), not on a duty to require the contractor to take special precautions in its actions.
The Fifth District Court of Appeal recently relied on Grahn in a case decided well after both Privette and Toland. In Camargo v. Tjaarda Dairy (2000) 79 Cal. App.4th 1088, 94 Cal.Rptr.2d 680 (hereafter Camargo), the court held that, even after Privette and Toland, a hiring party may be liable to employees of an independent contractor for the hiring party's negligence in selecting the independent contractor. (Camargo, supra, at p. 1104, 94 Cal.Rptr.2d 680.) The court acknowledged that Privette and Toland "insulate[ ] the hirer of an independent contractor from all forms of vicarious liability to the contractor's employees for injuries caused by the contractor's negligence." (Camargo, supra, at p. 1099, 94 Cal.Rptr.2d 680, italics added.) However, it noted that "Toland, like Privette, expressly dealt with `vicarious,' or at least `derivative,' liability imputed to a non-negligent hirer for the negligence of an independent contractor." (Id., at p. 1104, 94 Cal.Rptr.2d 680.) Liability for negligent hiring "is not vicarious; it is direct, arising from the hirer's alleged personal and independent failure to use care in choosing the independent contractor." (Ibid.)
Based on the discussion in Toland distinguishing between a hiring party's failure to prevent an independent contractor from acting negligently and its liability for its own conduct (Toland, supra, 18 Cal.4th at p. 265, fn. 3, 74 Cal.Rptr.2d 878, 955 P.2d 504), we conclude the interpretation of Privette and Toland adopted in Grahn and Camargo is correct. Employees retain the ability to assert claims of negligence against a hiring party based on that party's own negligent conduct, as opposed to its failure to prevent the negligent conduct of the contractor. The remaining question is whether a claim of negligence in providing unsafe equipment is the type of claim that remains viable under Privette and Toland.

C. Viability Under Privette and Toland of a Claim for Providing Unsafe Equipment

Wal-Mart contends plaintiffs theory that Wal-Mart was negligent in providing unsafe equipment was merely an attempt to do what Toland says an employee cannot do  hold a hiring party liable for *219 failing to require the contractor to take special precautions to protect its employees. Under Toland, Wal-Mart argues, it could not be held liable for not requiring Herron and plaintiff to use a safety chain to secure the platform, even if the platform was unsafe without a chain.
We are not aware of any authority addressing whether a hiring party may be liable under Privette and Toland for providing unsafe equipment. Neither Grahn nor Camargo involved such a claim. Further, providing unsafe equipment is not among the examples of conduct set forth in Toland  "concealing a hidden danger ... or insisting on use of an unsafe method to execute the work" (Toland, supra, 18 Cal.4th at p. 265, fn. 3, 74 Cal.Rptr.2d 878, 955 P.2d 504.)  that the court stated would support liability of a hiring party notwithstanding Privette.
However, it has long been recognized that a hiring party may be liable for injuries to employees of an independent contractor caused by defective equipment which the hiring party itself has supplied. As the Supreme Court has stated: "The general supervisory right to control the work so as to insure its satisfactory completion in accordance with the terms of the contract does not make the hirer of the independent contractor liable for the latter's negligent acts in performing the details of the work. [Citation.] An owner is not liable for injuries resulting from defective appliances unless he has supplied them or has the privilege of selecting them or the materials out of which they are made [citation] or unless he exercises active control over the men employed or the operations of the equipment used by the independent contractor. [Citation.]" (McDonald v. Shell Oil Co. (1955) 44 Cal.2d 785, 788-789, 285 P.2d 902, italics added; accord, Anderson v. Chancellor Western, Oil Dev. Corp. (1975) 53 Cal.App.3d 235, 241, 125 Cal.Rptr. 640 ["An owner of land or a general contractor is not liable for injuries resulting from defective equipment used by an independent contractor unless that equipment was supplied, selected, or controlled by him." (Italics added.) ]; Holman v. State of California (1975) 53 Cal.App.3d 317, 330, 124 Cal. Rptr. 773["[A]n owner is not liable for injuries resulting from defective equipment used by the contractor unless the owner supplied the equipment or had the privilege of selecting it...." (Italics added.)].)
These decisions predate Privette and therefore do not consider the principle underlying its holding  that it would be improper to impose tort liability on the owner for injury caused by the contractor, where the contractor's liability is limited to workers' compensation coverage. But the decisions illustrate that, where the hiring party actively contributes to the injury by supplying defective equipment, it is the hiring party's own negligence that renders it liable, not that of the contractor. As one commentator states: "[Q]uite apart from any question of vicarious responsibility, the employer may be liable for any negligence of his own in connection with the work to be done.... So far as he in fact gives directions for the work, furnishes equipment for it, or retains control over any part of it, he is required to exercise reasonable care for the protection of others...." (Prosser & Keeton, Torts (5th ed.1984) § 71, p. 510, italics added, fns. omitted.)
Privette and Toland do not purport to alter preexisting rules of liability based on a hiring party's own, conduct. (See Grahn, supra, 58 Cal.App.4th at p. 1388, 68 Cal. Rptr.2d 806 ["Privette was not intended to supplant independent bases of liability which preexisted under California tort law."].) Therefore, the decisions recognizing a hiring party's liability for supplying defective equipment remain valid after Privette and Toland.
Wal-Mart contends, however, that the court in Zamudio v. City and County of San Francisco (1999) 70 Cal.App.4th 445, 82 Cal.Rptr.2d 664 (hereafter Zamudio) rejected a claim against a hiring party for failing to provide adequate safety equipment. The plaintiff in Zamudio was injured *220 while working for a subcontractor at a construction site when a plank on which he stepped gave way. He alleged the subcontractor had not properly secured the plank.
The Zamudio court held the property owner and general contractor had no liability to the employee. They could not be vicariously liable for the negligence of the subcontractor under Privette and Toland, because the employee received workers' compensation benefits. They could not be directly liable, because they had no control over how the subcontractor performed the work and committed no affirmative act which contributed to the accident. (Zamudio, supra, 70 Cal.App.4th at pp. 452-453, 82 Cal.Rptr.2d 664.)
The plaintiff in Zamudio did contend as part of his negligence claim that "failure to provide adequate safety equipment" contributed to the accident. (Zamudio, supra, 70 Cal.App.4th at p. 449, 82 Cal. Rptr.2d 664.) However, we see a distinction between a claim of failing to provide safety equipment, as in Zamudio, and providing unsafe equipment, as in this case. There was no evidence in Zamudio that the owner or general contractor provided any unsafe equipment. As the court noted, the plank was owned by the subcontractor, not the property owner. The owner's property "was not itself dangerous." (Id., at p. 455, 82 Cal.Rptr.2d 664.) Here, in contrast, it was undisputed that Wal-Mart supplied the extension and platform as an assembled unit and that Wal-Mart had earlier requested that Musi-Cal use Wal-Mart's forklifts whenever possible.
Moreover, the court in Zamudio never actually addressed whether the plaintiffs claim of inadequate safety equipment was viable as a matter of law under Privette and Toland. In fact, after stating at the beginning of the opinion that the plaintiff had made such a claim, the court never mentioned it again. Instead, it based its holding on the owner's and general contractor's lack of control over the work.
Based on Grahn and Camargo, we conclude plaintiffs claim that Wal-Mart negligently supplied unsafe equipment was viable notwithstanding Privette and Toland. There was ample evidence to support the claim. In the past, Wal-Mart had used a chain to attach the platform to the extension. According to the manufacturer of the equipment, the platform was shipped with a safety chain for the platform and an instruction manual. The instructions stated the platform was to be chained to the forklift or extension. Plaintiffs expert testified that the primary cause of the accident was the failure to secure the platform to the extension.
Wal-Mart points out it did not require Musi-Cal to use its equipment and that Herron and plaintiff decided to use the platform knowing it was unsafe. However, those facts operate merely to reduce, not to bar, Wal-Mart's liability. The jury was instructed to, and did, apportion fault among Wal-Mart, Musi-Cal, and plaintiff. Wal-Mart was held liable not for Herron's and plaintiffs use of the equipment in an unsafe manner, but for Wal-Mart's own negligence in providing the equipment in an unsafe condition.[3]

III

DISPOSITION
The judgment is affirmed. Plaintiff shall recover costs on appeal.
WARD, J., and GAUT, J., concur.
NOTES
[1] Plaintiff asserts Wal-Mart cannot make this contention on appeal because Wal-Mart's counsel agreed at trial that plaintiff's claim fell outside the scope of Privette and Toland. Counsel did make statements to that effect early in the trial. Later, however, in seeking a nonsuit or directed verdict, counsel argued Wal-Mart had no duty to control Musi-Cal's use of the equipment. That claim at least arguably could encompass Wal-Mart's current contention, discussed post, that plaintiff's unsafe equipment claim is an attempt to impose on Wal-Mart a duty to require Musi-Cal to exercise special precautions for its employees' safety, contrary to Toland.

In any event, an issue may properly be raised for the first time on appeal where it presents a pure question of law of widespread importance and has been fully briefed by the parties. (See Cedars-Sinai Medical Center v. Superior Court (1998) 18 Cal.4th 1, 6, 74 Cal.Rptr.2d 248, 954 P.2d 511.) The issue of whether an unsafe equipment claim survives Privette and Toland satisfies those criteria.
[2] Section 413 of the Restatement provides: "One who employs an independent contractor to do work which the employer should recognize is likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer

"(a) fails to provide in the contract that the contractor shall take such precautions, or
"(b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions."
Section 416 of the Restatement provides: "One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise."
[3] For this reason, Wal-Mart improperly relies on the statement in Toland that a hiring party will not be liable for injury which results from "collateral" negligence of the contractor, i.e., negligence which "involves an `operative detail of the work, as distinguished from the general plan or method to be followed.'" (Toland, supra, 18 Cal.4th at p. 259, 74 Cal. Rptr.2d 878, 955 P.2d 504.) Although Herron's and plaintiff's failure to use a safety chain may have been such an "operative detail," Wal-Mart was held liable not for that conduct, but for its own conduct in supplying the unsafe equipment.