108 Cal.Rptr.2d 617 (2001)
25 Cal.4th 1235
25 P.3d 1096
Eva CAMARGO et al., Plaintiffs and Appellants,
v.
TJAARDA DAIRY et al., Defendants and Respondents.
No. S088632.
Supreme Court of California.
July 5, 2001.
*618 Law Offices of Federico Castelan Sayre, Federico Castelan Sayre and Timothy A. Black, Newport Beach, for Plaintiffs and Appellants.
Ian Herzog, Santa Monica; Bruce Broillet; Thomas Stolpman, Long Beach; Daniel U. Smith, Los Angeles; William L. Veen, San Francisco; Robert S. Arns, San Francisco; Kevin Calcagnie, Newport Beach; and Rebecca Quinn for Consumer Attorneys Association as Amicus Curiae on behalf of Plaintiffs and Appellants.
Borton, Petrini & Conron, John F. Petrini and Michael J. Stump, Bakersfield, for Defendants and Respondents.
Deborah J. La Fetra for Pacific Legal Foundation as Amicus Curiae on behalf of Defendants and Respondents.
John P. Carpenter for the Association of General Contractors of California as Amicus Curiae on behalf of Defendants and Respondents.
William J. Moran, Mission Hills, and Eileen F. Braunreiter, San Francisco, for Automobile Club of Southern California and California State Automobile Association as Amici Curiae on behalf of Defendants and Respondents.
Sedgwick, Detert, Moran & Arnold and Frederick D. Baker, San Francisco, for American Chemistry Council as Amicus Curiae on behalf of Defendants and Respondents.
Fred J. Hiestand, Sacramento, for the Civil Justice Association of California as Amicus Curiae on behalf of Defendants and Respondents.
BROWN, J.
Alberto Camargo was killed when his tractor rolled over as he was driving over a large mound of manure in a corral belonging to Tjaarda Dairy. Camargo was an employee of Golden Cal Trucking, and Golden Cal Trucking was an independent contractor Tjaarda Dairy had hired to scrape the manure out of its corrals and to haul it away in exchange for the right to purchase the manure at a discount. Plaintiffs, Camargo's wife and five children, sued defendants Tjaarda Dairy and Perry Tjaarda on the theory, among others, that they were negligent in hiring Golden Cal Trucking because they failed to determine whether Camargo was qualified to operate the tractor safely. The trial court granted defendants' motion for summary judgment. With regard to the cause of action for negligent hiring, the trial court relied on our then recent decision in Toland v. Sunland Housing Group, Inc. (1998) 18 Cal.4th 253, 74 Cal.Rptr.2d 878, 955 P.2d 504 (Toland), for its conclusion that an injured employee of an independent contractor may not bring such an action against the hirer of the contractor. Plaintiffs appealed, limiting their appeal to this issue, and the Court of Appeal reversed. The question presented, therefore, is whether the rationale of our decisions in Privette v. Superior Court (1993) 5 Cal.4th 689, 21 Cal.Rptr.2d 72, 854 P.2d 721 (Privette) and Toland which involved tort liability under the peculiar risk doctrine, also *619 applies to the tort of negligent hiring. The answer to this question is yes, the Privette/Toland rationale does bar an employee of an independent contractor from bringing a negligent hiring action against the hirer of the contractor.

Discussion

I. Privette, the Peculiar Risk Doctrine, and the Rationale for Precluding an Employee of an Independent Contractor from Relying on That Doctrine in a Suit Against the Hirer of the Contractor
In Toland, we summarized the peculiar risk doctrine and explained why we had concluded in Privette that under the doctrine a hirer's liability does not extend to the hired contractor's employees. "Under the doctrine of peculiar risk, a person who hires an independent contractor to do inherently dangerous work can be held liable for tort damages when the contractor causes injury to others by negligently performing the work. The doctrine serves to ensure that innocent bystanders or neighboring landowners injured by the hired contractor's negligence will have a source of compensation even if the contractor turns out to be insolvent. As we explained in [Privette, supra, 5 Cal.4th at page] 694 [21 Cal.Rptr.2d 72, 854 P.2d 721], courts created the peculiar risk doctrine in the belief that `as between two parties innocent of any personal wrongdoingthe person who contracted for the work and the hapless victim of the contractor's negligencethe risk of loss occasioned by the contracted work was more fairly allocated to the person for whose benefit the job was undertaken.' [¶] In Privette ..., we unanimously held that under the peculiar risk doctrine the hiring person's liability does not extend to the hired contractor's employees. Because the Workers' Compensation Act (Lab.Code, § 3200 et seq.) shields an independent contractor from tort liability to its employees, applying the peculiar risk doctrine to the independent contractor's employees would illogically and unfairly subject the hiring person, who did nothing to create the risk that caused the injury, to greater liability than that faced by the independent contractor whose negligence caused the employee's injury. (5 Cal.4th at pp. 698-700 [21 Cal.Rptr.2d 72, 854 P.2d 721].) As we concluded: `[T]he property owner should not have to pay for injuries caused by the contractor's negligent performance of the work when workers' compensation statutes already cover those injuries.' (Id. at p. 699 [21 Cal.Rptr.2d 72, 854 P.2d 721].)" (Toland, supra, 18 Cal.4th at p. 256, 74 Cal.Rptr.2d 878, 955 P.2d 504.)
This rationale-that the hirer should not have to pay for injuries caused by the contractor's negligent performance because the workers' compensation system already covers those injuriesis, we pointed out in Privette, supported by related policy considerations. "As one court observed, the `principal' who hires an independent contractor should be subject to no greater liability `than its [independent contractor] agent,' whose exposure for injury to an employee is limited to providing workers' compensation insurance. [Citation.] Other courts have reasoned that the rule of workers' compensation exclusivity, which shields an independent contractor who pays workers' compensation insurance premiums from further liability to its employees for on-the-job injuries, should equally protect the property owner who, in hiring the contractor, is indirectly paying for the cost of such coverage, which the contractor presumably has calculated into the contract price.... [¶] ... [¶] Courts and legal commentators have expressed concern that to allow an independent contractor's employees who incur work-related *620 injuries compensable under the workers' compensation system to also seek damages under the doctrine of peculiar risk from the person who hired the contractor would give those employees an unwarranted windfall. As these authorities point out, to permit such recovery would give these employees something that is denied to other workers: the right to recover tort damages for industrial injuries caused by their employer's failure to provide a safe working environment. This, in effect, would exempt a single class of employees, those who work for independent contractors, from the statutorily mandated limits of workers' compensation. [Citations.] Moreover, to impose vicarious liability for tort damages on a person who hires an independent contractor for specialized work would penalize those individuals who hire experts to perform dangerous work rather than assigning such activity to their own inexperienced employees. [Citations.]" (Privette, supra, 5 Cal.4th at pp. 699-700, 21 Cal.Rptr.2d 72, 854 P.2d 721.)
In Privette, the complaint, initially, also alleged negligent hiring, but that cause of action was dropped, so we did not there reach the question we address now. (Privette, supra, 5 Cal.4th at pp. 692, fn. 1, 702, 21 Cal.Rptr.2d 72, 854 P.2d 721.)

II. Toland and the Application of the Privette Rationale to the Peculiar Risk Doctrine as Set Forth in Section 413, as Well as Section 416, of the Restatement Second of Torts
The doctrine of peculiar risk, insofar as it was relevant in Privette and Toland, is described in sections 413 and 416 of the Restatement Second of Torts.[1] Under section 413, a person who hires an independent contractor to do inherently dangerous work, but who fails to provide in the contract or in some other manner that special precautions be taken to avert the peculiar risks of that work, can be liable if the contractor's negligent performance of the work causes injury to others. "Because section 413 rests the liability of the hiring person on his or her omission to provide for special precautions in the contract or in some other manner, it is sometimes described as a rule of `direct liability.'" (Toland, supra, 18 Cal.4th at p. 259, 74 Cal.Rptr.2d 878, 955 P.2d 504.)
Under section 416, even if the hiring person has provided for special precautions in the contract or otherwise, the hiring person can nevertheless be liable if the contractor fails to exercise reasonable care to take such precautions and the contractor's performance of the work causes injury to others. "Because the hiring person's liability under section 416 ... flows from the independent contractor's negligent failure to take special precautions in performing the inherently dangerous work, as required by `the contract or otherwise,' the hiring person's liability is often referred to as `vicarious liability.' [Citations.]" (Toland, supra, 18 Cal.4th at p. 260, 74 Cal. Rptr.2d 878, 955 P.2d 504, fn. omitted.)
In Toland, a subcontractor's employee sued the general contractor for on-the-job injuries, asserting that Privette did not bar recovery for direct liability under section 413, but only for vicarious liability under section 416. We rejected the argument, noting that the distinction between the two sorts of liability was not that neat under peculiar risk theory. "[P]eculiar risk liability is not a traditional theory of direct liability for the risks created by one's own conduct: Liability under both sections is in essence `vicarious' or `derivative' in the sense that it derives from the *621 `act or omission' of the hired contractor, because it is the hired contractor who has caused the injury by failing to use reasonable care in performing the work." (Toland, supra, 18 Cal.4th at p. 265, 74 Cal. Rptr.2d 878, 955 P.2d 504.) Accordingly, we held that, "contrary to plaintiff Toland's assertion, our decision in Privette, supra, 5 Cal.4th 689, 21 Cal.Rptr.2d 72, 854 P.2d 721, bars employees of a hired contractor who are injured by the contractor's negligence from seeking recovery against the hiring person, irrespective of whether recovery is sought under the theory of peculiar risk set forth in section 416 or section 413 of the Restatement Second of Torts. In either situation, it would be unfair to impose liability on the hiring person when the liability of the contractor, the one primarily responsible for the worker's on-the-job injuries, is limited to providing workers' compensation coverage." (Toland supra, 18 Cal.4th at p. 267, 74 Cal.Rptr.2d 878, 955 P.2d 504.)

III. Application of the Privette/Toland Rationale to Negligent Hiring Cases Under Section 411
Section 411, entitled "Negligence in Selection of Contractor", provides: "An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor [¶] (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or [¶] (b) to perform any duty which the employer owes to third persons." (Rest.2d Torts, at p. 376, italics added.)
Defendant contends an employee of a contractor is not a third person for the purposes of section 411, and in support of its position, defendant notes that not one of the eight illustrations to section 411 involves an employee of a contractor. (See Rest.2d Torts, at pp. 377-382.)
This omission cannot be dismissed as an oversight. Section 411, like sections 413 and 416the sections setting out the peculiar risk doctrine we considered in Privette and Tolandappears in chapter 15 of the Restatement Second of Torts, and as we noted in Toland a tentative draft to the Restatement "stated that `when the Sections in this Chapter speak of liability to "another," or "others," or to "third persons," it is to be understood that the employees of the contractor, as well as those of the defendant himself, are not included.' (Rest.2d Torts (Tent. Draft No. 7, Apr. 16, 1962) ch. 15, special note, p. 18, italics added.)" (Toland, supra, 18 Cal.4th at pp. 266-267, 74 Cal.Rptr.2d 878, 955 P.2d 504.) The overwhelming majority of the courts of other jurisdictions that have addressed the question have concluded that an employee of a contractor is not a third person for the purposes of section 411. (See, e.g., Hess v. Upper Mississippi Towing Corp. (5th Cir.1977) 559 F.2d 1030, 1033; Best v. Energized Substation Service, Inc. (1993) 88 Ohio App.3d 109, 623 N.E.2d 158, 162; Mentzer v. Ognibene (1991) 408 Pa.Super. 578, 597 A.2d 604, 607-609; Chapman v. Black (1987) 49 Wash.App. 94, 741 P.2d 998, 1003-1005; Valdez v. Cillessen & Son, Inc. (1987) 105 N.M. 575, 734 P.2d 1258, 1263; but see Sievers v. McClure (Alaska 1987) 746 P.2d 885, 890-891.)
Without grappling with the reasoning of the cases that are unfavorable to them, plaintiffs simply dismiss them as "out-of-state case law." The significant point, they insist, is that California courts have upheld negligent hiring actions brought by employees of contractors against the hirers of the contractors.
Plaintiffs rely on five opinions of the Courts of Appeal: Grahn v. Tosco Corp. (1997) 58 Cal.App.4th 1373, 68 Cal.Rptr.2d 806 (Grahn); Smith v. ACandS, Inc. (1994) 31 Cal.App.4th 77, 37 Cal.Rptr.2d *622 457 (Smith); Chevron U.S.A., Inc. v. Superior Court (1992) 4 Cal.App.4th 544, 5 Cal. Rptr.2d 674 (Chevron); Holman v. State of California (1975) 53 Cal.App.3d 317, 124 Cal.Rptr. 773 (Holman); and Gettemy v. Star House Movers (1964) 225 Cal.App.2d 636, 37 Cal.Rptr. 441 (Gettemy). We do not find these cases persuasive on this point. Three of the fiveChevron, Holman, and Gettemywere decided without the benefit of our decision in Privette, much less Toland. Moreover, the question whether an employee of a contractor is a "third person" for the purposes of section 411 was, so far as the opinions reflect, never raised in Chevron, Holman, or Gettemy. (See Chevron, at p. 549, 5 Cal. Rptr.2d 674; Holman, at pp. 335-337, 124 Cal.Rptr. 773; Gettemy, at pp. 644-645, 37 Cal.Rptr. 441.)
Smith was decided in the interim between Privette and Toland and the plaintiff there made claims under both the peculiar risk and the negligent hiring doctrines. A pipe fitter who suffered from asbestosis and asbestos-related pleural disease sued asbestos manufacturers, asbestos installers, premises owners, and others. The jury found Pacific Gas and Electric Company liable for hiring asbestos insulation contractors whose work created a peculiar risk of harm to others. The issue submitted to the jury was "whether [Pacific Gas and Electric Company] was vicariously liable for the negligence of insulation contractorsnot Smith's pipe fitting employer." (Smith, supra, 31 Cal.App.4th at p. 95, 37 Cal. Rptr.2d 457.) The plaintiff in Smith sought to distinguish Privette on the ground it "does not prevent tort recovery against nonnegligent landowners by a hired contractor's employee who is injured by the negligence of another contractor working on the premises." (Id. at p. 94, 37 Cal.Rptr.2d 457.) Rejecting the attempted distinction, the Court of Appeal reversed, concluding that under Privette, "a landowner that hires several independent contractors to work simultaneously on a project on its land is not vicariously liable under the doctrine of peculiar risk for the negligence of any of the hired contractors which injures any of the contractors' employees." (Smith, at p. 95, 37 Cal.Rptr.2d 457.)
In Smith, the Court of Appeal reversed the judgment and remanded the case for a new trial on "the question of [Pacific Gas and Electric Company's] general negligence." (Smith, supra, 31 Cal.App.4th at p. 97, 37 Cal.Rptr.2d 457.) Here, plaintiffs characterize the remand in Smith as "allowing] the negligent hiring cause of action to be heard before the jury despite the fact that it was an employee of the independent contractor who advanced the negligent hiring claim." However, Smith does not stand for the proposition that an employee of a contractor may bring a tort action for negligence in hiring that contractor. The plaintiff in Smith was the employee of a pipe fitter, and the question to be determined on remand was whether Pacific Gas and Electric Company was negligent in hiring insulation contractors. (Smith, at p. 97, 37 Cal.Rptr.2d 457.)
The plaintiff in Grahn was a brick mason employed by J.L. Thorpe & Sons (Thorpe), an independent contractor specializing in the installation and repair of refractory and insulation materials in high-temperature units such as furnaces and boilers in, among other facilities, refineries. Diagnosed with asbestos-related lung disease, Grahn brought suit against 200 defendants, including manufacturers and suppliers of various asbestos-containing insulation products, as well as owners of properties where Grahn had worked for Thorpe. All of the defendants except Tosco Corporation either settled or were dismissed from the action. One of three *623 theories of negligence Grahn relied upon was that Tosco Corporation was negligent in hiring Thorpe to remove asbestos-containing materials at its refinery. (Grahn, supra, 58 Cal.App.4th at p. 1380, 68 Cal. Rptr.2d 806.) Therefore, unlike Smith, the negligence alleged in Grahn lay in hiring the contractor who employed the plaintiff.
Like Smith, Grahn was decided after Privette but before Toland. Without the benefit of the gloss provided by Toland, the Court of Appeal in Grahn misunderstood Privette to have been bottomed on the ground that the hirer in a peculiar risk case is not directly negligent. "In Privette, the court had before it only the issue of whether a peculiar risk theory could be used to hold a nonnegligent hirer liable under vicarious liability for the negligence of the independent contractor." (Grahn, supra, 58 Cal.App.4th at p. 1384, 68 Cal. Rptr.2d 806.)
To the contrary, as we explained in Toland, the rationale of our decision in Privette extends to cases where the hirer is directly negligent in the sense of having failed to take precautions against the peculiar risks involved in the work entrusted to the contractor. To repeat: In Toland, we rejected the plaintiffs argument that Privette did not bar recovery for direct liability launder section 413, but only for vicarious liability under section 416. "[P]eculiar risk liability is not a traditional theory of direct liability for the risks created by one's own conduct: Liability under both sections is in essence `vicarious' or `derivative' in the sense that it derives from the `act or omission' of the hired contractor, because it is the hired contractor who has caused the injury by failing to use reasonable care in performing the work." (Toland, supra, 18 Cal.4th at p. 265, 74 Cal.Rptr.2d 878, 955 P.2d 504.) "[C]ontrary to plaintiff Toland's assertion, our decision in Privette, supra, 5 Cal.4th 689 [21 Cal.Rptr.2d 72, 854 P.2d 721], bars employees of a hired contractor who are injured by the contractor's negligence from seeking recovery against the hiring person, irrespective of whether recovery is sought under the theory of peculiar risk set forth in section 416 or section 413 of the Restatement Second of Torts. In either situation, it would be unfair to impose liability on the hiring person when the liability of the contractor, the one primarily responsible for the worker's on-the-job injuries, is limited to providing workers' compensation coverage." (Toland supra, 18 Cal.4th at p. 267, 74 Cal.Rptr.2d 878, 955 P.2d 504.)
For the same reasons, an employee of a contractor should be barred from seeking recovery from the hirer under the theory of negligent hiring set forth in section 411. Admittedly, as the Grahn court observed, under section 411, the hirer is, in a sense, being taxed with his own negligence under a theory of direct liability. (Grahn, supra, 58 Cal.App.4th at p. 1385, 68 Cal.Rptr.2d 806.) However, the same could be said with regard to an action brought under the peculiar risk theory set forth in section 413. More importantly, under both sections 411 and 413, the liability of the hirer is "in essence `vicarious' or 'derivative' in the sense that it derives from the `act or omission' of the hired contractor, because it is the hired contractor who caused the injury by failing to use reasonable care in performing the work." (Toland supra, 18 Cal.4th at p. 265, 74 Cal.Rptr.2d 878, 955 P.2d 504.) Therefore, in a negligent hiring case under the theory set forth in section 411, just as in peculiar risk cases under the theories set forth in sections 413 and 416, "it would be unfair to impose liability on the hiring person when the liability of the contractor, the one primarily responsible for the worker's on-the-job injuries, is limited to providing workers' *624 compensation coverage." (Toland, supra, 18 Cal.4th at p. 267, 74 Cal.Rptr.2d 878, 955 P.2d 504.)
Two of the related policy considerations we relied upon in Privette also support our conclusion here that an employee of an independent contractor should not be permitted to bring a negligent hiring action against the hirer of the contractor: (1) The rule of workers' compensation exclusivity, which shields an independent contractor who pays workers' compensation insurance premiums from further liability to its employees, should equally apply to the person hiring the contractor because the hirer has indirectly paid the cost of such coverage inasmuch as it was presumably calculated into the contract price (Privette, supra, 5 Cal.4th at p. 699, 21 Cal.Rptr.2d 72, 854 P.2d 721); and (2) permitting such a recovery would give employees of independent contractors an unwarranted windfall, something that is denied other workers the right to recover tort damages for industrial injuries caused by their employer's failure to provide a safe working environment (id. at pp. 699-700, 21 Cal.Rptr.2d 72, 854 P.2d 721).[2]
Insofar as they are inconsistent with this opinion, the following cases are disapproved: Grahn v. Tosco Corp., supra, 58 Cal.App.4th 1373, 68 Cal.Rptr.2d 806, Smith v. ACandS, Inc., supra, 31 Cal. App.4th 77, 37 Cal.Rptr.2d 457, Chevron U.S.A., Inc. v. Superior Court, supra, 4 Cal.App.4th 544, 5 Cal.Rptr.2d 674, Holman v. State of California, supra, 53 Cal. App.3d 317, 124 Cal.Rptr. 773, and Gettemy v. Star House Movers, supra, 225 Cal.App.2d 636, 37 Cal.Rptr. 441.
The judgment of the Court of Appeal is reversed and the matter is remanded for further proceedings consistent with this opinion.
GEORGE, C.J., KENNARD, J., BAXTER, J., and CHIN, J., concur.
Concurring Opinion by WERDEGAR, J.
I concur under the compulsion of Toland v. Sunland Housing Group, Inc. (1998) 18 Cal.4th 253, 74 Cal.Rptr.2d 878, 955 P.2d 504 (Toland). If, as the majority held in Toland, the hirer's responsibility for its own negligence under the peculiar risk theory embodied in section 413 of the Restatement Second of Torts is deemed so "`Vicarious' or `derivative'" (Toland supra, at p. 265, 74 Cal.Rptr.2d 878, 955 P.2d 504) that to recognize tort liability for the results of that negligence would be "unfair" (id. at p. 267, 74 Cal.Rptr.2d 878, 955 P.2d 504), the same must be said of the hirer's liability for its own negligence in choosing an unqualified contractor (Rest.2d Torts, § 411).
In a separate opinion in Toland, I took issue with the majority's blanket approach, arguing that in some cases of peculiar risk negligence the hirer, rather than the contractor, will have the superior knowledge of, or ability to control, the circumstances creating a risk of injury, and that in those cases imposing tort liability on the hirer would be both fair and economically efficient despite the contractor's limited liability under the workers' compensation law. (Toland supra, 18 Cal.4th at pp. 271, 275-280, 74 Cal.Rptr.2d 878, 955 P.2d 504 (cone. & dis. opn. of Werdegar, J.).) The *625 same could be said of the negligent hiring theory raised in this case, but, in light of the majority's adherence here to its Toland approach, the point is moot.
An odd aspect of the majority opinion here, as in Toland, is its partial reliance on very broad arguments that, if given their full logical scope, would seem to bar virtually all liability on the part of hirers for injuries to contractors' employees, however direct and personal the hirer's negligence, while the majority nonetheless disavows so general a scope for its holding. (See maj. opn., ante, 108 Cal.Rptr.2d at p. 624 & fn. 2, 25 P.3d at p. 1102 & fn. 2; Toland, supra, 18 Cal.4th at pp. 281-282, 74 Cal.Rptr.2d 878, 955 P.2d 504 (cone. & dis. opn. of Werdegar, J.).) Whether these arguments are merely makeweights, or are the majority's true ground of decision, will, perhaps, be revealed when the court considers theories of hirer liability that cannot with any plausibility be deemed vicarious or derivative, such as those raised in the cases mentioned in footnote 2 of the majority opinion.
NOTES
[1] All section references are to the Restatement Second of Torts.
[2] Today we have concluded that the rationale of our decisions in Privette and Toland, which involved tort liability under the peculiar risk doctrine, also applies to the tort of negligent hiring. Review has been granted in cases that present related questionswhether the Privette/Toland rationale should apply as well to the tort of negligent exercise of retained control (Hooker v. California Dept. of Transportation, review granted Nov. 1, 2000, S091601) or the tort of negligent provision of unsafe equipment (McKown v. Wal-Mart Stores, Inc. (2000) 82 Cal.App.4th 562, 98 Cal.Rptr.2d 214, review granted Oct. 18, 2000, S091097)and our opinion today should not be read as having prejudged those questions.