[No. S091097. Jan. 31, 2002.]

BRIAN McKOWN, Plaintiff and Respondent, v.
WAL-MART STORES, INC., Defendant and Appellant.

**COUNSEL**

Snyder & Strozier, Snyder, Strozier, Maho & Tomlinson, Barry Clifford Snyder and Will Tomlinson for Defendant and Appellant.

Fred J. Hiestand for the Civil Justice Association of California as Amicus Curiae on behalf of Defendant and Appellant.

Garza, Garza & Pacheco, John M. Pacheco; Law Offices of Robert H. Pourvali and Robert H. Pourvali for Plaintiff and Respondent.

Ian Herzog; William L. Veen; James C. Sturdevant; Brian C. Unitt; Dennis M. Elber; David A. Rosen; The Arns Law Firm, Morgan C. Smith and

Robert S. Arns for the Consumer Attorneys of California as Amicus Curiae on behalf of Plaintiff and Respondent.

**OPINION**

**BROWN, J.**—This is the third in a series of recent cases in which we have been called upon to consider the reach of our decisions in *Privette v. Superior Court* (1993) 5 Cal.4th 689 [21 Cal.Rptr.2d 72, 854 P.2d 721] (*Privette*) and *Toland v. Sunland Housing Group, Inc.* (1998) 18 Cal.4th 253 [74 Cal.Rptr.2d 878, 955 P.2d 504] (*Toland*). In *Privette* and *Toland*, we held that an employee of a contractor may not sue the hirer of the contractor under either of the alternative versions of the peculiar risk doctrine set forth in sections 413 and 416 of the Restatement Second of Torts (hereafter Restatement),[1] but is restricted instead to a claim against the contractor under the workers' compensation insurance system. The two prior cases, respectively, raise the question whether, under the rationale of *Privette* and *Toland*, an employee of an independent contractor is barred from suing the hirer of the contractor under the tort theories of (1) negligent hiring, and (2) negligent exercise of retained control. In *Camargo v. Tjaarda Dairy* (2001) 25 Cal.4th 1235 [108 Cal.Rptr.2d 617, 25 P.3d 1096] (*Camargo*), we held that an employee of an independent contractor is barred from suing the hirer of the contractor for the tort of negligent hiring. In *Hooker v. Department of Transportation* (2002) 27 Cal.4th 198 [115 Cal.Rptr.2d 853, 38 P.3d 1081] (*Hooker*), a companion to this case, we held that a hirer of an independent contractor is not liable to an employee of the contractor merely because the hirer retained control over safety conditions at a worksite, but that a hirer is liable to an employee of a contractor insofar as a hirer's exercise of retained control affirmatively contributed to the employee's injuries. In this case, we hold that a hirer is liable to an employee of an independent contractor insofar as the hirer's provision of unsafe equipment affirmatively contributes to the employee's injury.[2]

---

[1] Unless otherwise indicated, all section references are to the Restatement Second of Torts.

[2] In *Camargo*, we noted we were not reaching this question. "Today we have concluded that the rationale of our decisions in *Privette* and *Toland*, which involved tort liability under the peculiar risk doctrine, also applies to the tort of negligent hiring. Review has been granted in cases that present related questions—whether the *Privette/Toland* rationale should apply as well to the tort of negligent exercise of retained control (*Hooker v. Department of Transportation*, review granted Nov. 1, 2000, S091601) or the tort of negligent provision of unsafe equipment (*McKown v. Walmart Stores, Inc.* (2000) 82 Cal.App.4th 562 [98 Cal.Rptr.2d 214], review granted Oct. 18, 2000, S091097)—and our opinion today should not be read as having prejudged those questions." (*Camargo, supra*, 25 Cal.4th at p. 1245, fn. 2.)

## Factual and Procedural Background

Brian McKown was the employee of an independent contractor hired by defendant Wal-Mart Stores, Inc. (Wal-Mart) to install sound systems in its stores, including the store in Chino where this accident occurred. Installation of the sound systems involved running wires and installing speakers in the store ceilings. Wal-Mart requested that the contractor use Wal-Mart's forklifts whenever possible in performing the work. The request was understood not to be a directive. The forklift that Wal-Mart employees furnished McKown had equipment for overhead work, consisting of a work platform along with a four-foot extension to raise the platform. For safety, the extension was supposed to be chained to the forklift, and the platform chained to the forklift or to the extension. However, only one chain, securing the extension to the forklift, was provided by Wal-Mart. After discussing the advisability of using the forklift without a chain securing the platform to the extension or the forklift, McKown and his colleague decided to do so. While his colleague was driving the forklift and McKown was working on the platform, the platform hit a ceiling pipe, disengaged from the extension, and fell about 12 to 15 feet to the floor with McKown on it.

A jury found that Wal-Mart was negligent in providing unsafe equipment and allocated 55 percent of the responsibility for the accident to McKown's employer, 23 percent to Wal-Mart, 15 percent to the manufacturer of the equipment, and 7 percent to McKown. The Court of Appeal affirmed the judgment, concluding that "plaintiff's claim that Wal-Mart negligently supplied unsafe equipment was viable notwithstanding *Privette* and *Toland*." We granted review, and limited the issue to be briefed and argued to the question whether, under our decisions in *Privette* and *Toland*, an employee of an independent contractor is barred from pursuing a lawsuit against the hirer of the independent contractor on the theory the hirer negligently provided unsafe equipment. After review was granted, we issued our decision in *Camargo*, extending *Privette* and *Toland* to the tort of negligent hiring, and we then requested counsel to file supplemental letter briefs exploring the significance of *Camargo* for the question whether an employee of an independent contractor may bring an action for the tort of negligent provision of unsafe equipment against the hirer of the contractor. The judgment of the Court of Appeal, which affirmed the judgment of the trial court in favor of plaintiff McKown, is affirmed.

## Discussion

The line of cases bearing on the question presented here is discussed in the companion to this case, *Hooker*, *supra*, 27 Cal.4th 198, so that

discussion need not be repeated at length here. To summarize: In *Privette* and *Toland*, we held that an employee of a contractor may not sue the hirer of the contractor under either of the alternative versions of the peculiar risk doctrine set forth in sections 413 and 416 of the Restatement. Under section 413, a person who hires an independent contractor to do inherently dangerous work, but who fails to provide in the contract or in some other manner that special precautions be taken to avert the peculiar risks of that work, can be liable if the contractor's negligent performance of the work causes injury to others. Under section 416, even if the hirer has provided for special precautions in the contract or otherwise, the hirer can nevertheless be liable if the contractor fails to exercise reasonable care to take such precautions and the contractor's performance of the work causes injury to others. In *Toland*, we rejected the argument that *Privette* did not bar recovery for *direct* liability under section 413, but only for *vicarious* liability under section 416. "[P]eculiar risk liability is not a traditional theory of direct liability for the risks created by one's own conduct: Liability under both sections is in essence 'vicarious' or 'derivative' in the sense that it derives from the 'act or omission' of the hired contractor, because it is the hired contractor who has caused the injury by failing to use reasonable care in performing the work." (*Toland, supra,* 18 Cal.4th at p. 265.)

In *Camargo, supra,* 25 Cal.4th 1235, we held that an employee of a contractor may not sue the hirer of the contractor under the *negligent hiring* theory set forth in section 411. Under section 411, a hirer is liable for physical harm to third persons caused by the hirer's failure to exercise reasonable care to employ a competent contractor to perform work that will involve a risk of physical harm unless it is skillfully and carefully done, or to perform any duty the hirer owes to third persons. In *Camargo*, we rejected the argument that *Privette* and *Toland* were distinguishable on the ground that in a negligent hiring case the hirer is, in a sense, being taxed with his *own* negligence, making his liability *direct*. "[T]he same could be said with regard to an action brought under the peculiar risk theory set forth in section 413. More importantly, under both sections 411 and 413, the liability of the hirer is 'in essence "vicarious" or "derivative" in the sense that it derives from the "act or omission" of the hired contractor, because it is the hired contractor who caused the injury by failing to use reasonable care in performing the work.' (*Toland, supra,* 18 Cal.4th at p. 265.) Therefore, in a negligent hiring case under the theory set forth in section 411, just as in peculiar risk cases under the theories set forth in sections 413 and 416, 'it would be unfair to impose liability on the hiring person when the liability of the contractor, the one primarily responsible for the worker's on-the-job injuries, is limited to providing workers' compensation coverage.' (*Toland, supra,* 18 Cal.4th at p. 267.)" (*Camargo, supra,* 25 Cal.4th at p. 1244.)

█ In *Hooker*, we held that a hirer of an independent contractor is not liable to an employee of the contractor merely because the hirer retained control over safety conditions at a worksite, but that a hirer is liable to an employee of a contractor insofar as a hirer's exercise of retained control affirmatively contributed to the employee's injuries. Imposing tort liability on a hirer of an independent contractor when the hirer's conduct has affirmatively contributed to the injuries of the contractor's employee is consistent with the rationale of our decisions in *Privette*, *Toland* and *Camargo*, because the liability of the hirer in such a case is *not* in essence *vicarious* or *derivative* in the sense that it derives from the act or omission of the hired contractor. "To the contrary, the liability of the hirer in such a case is *direct* in a much stronger sense of that term." (*Hooker*, *supra*, 27 Cal.4th at p. 212.)

█ For the same reason, when a hirer of an independent contractor, by negligently furnishing unsafe equipment to the contractor, affirmatively contributes to the injury of an employee of the contractor, the hirer should be liable to the employee for the consequences of the hirer's own negligence. "The general supervisory right to control the work so as to insure its satisfactory completion in accordance with the terms of the contract does not make the hirer of the independent contractor liable for the latter's negligent acts in performing the details of the work. [Citation.] An owner is not liable for injuries resulting from defective appliances *unless he has supplied them* or has the privilege of selecting them or the materials out of which they are made [citation] or unless he exercises active control over the men employed or the operations of the equipment used by the independent contractor. [Citation.]" (*McDonald v. Shell Oil Co.* (1955) 44 Cal.2d 785, 788-789 [285 P.2d 902], italics added.) *McDonald* predates *Privette*, but as the Court of Appeal here observed, it serves to underline the fact that, "where the hiring party actively contributes to the injury by supplying defective equipment, it is the hiring party's own negligence that renders it liable, not that of the contractor." Indeed, the jury in this case clearly distinguished between the liability of the contractor and that of the hirer, allocating 55 percent of the responsibility to the contractor and 23 percent to the hirer, Wal-Mart.

Wal-Mart contends it should not be held liable for provision of the unsafe equipment because it merely requested, and did not insist, the contractor use its forklift. To the contrary: The contractor had several contracts with Wal-Mart for the installation of sound systems in Wal-Mart stores, and Wal-Mart, the world's largest retailer, was a customer the contractor was presumably loath to displease. (The chief executive officer of the contractor testified that Wal-Mart had requested that the contractor use Wal-Mart's forklifts whenever possible, and "[a]s a businessman I found that if a

customer has a legitimate request, it's usually best to do what the customer asks.") Wal-Mart presumably believed the forklift it provided was safe, and plaintiff may well have believed that refusal to use it would have generated ill will. The extra expense of renting a forklift would have been chargeable to Wal-Mart. Moreover, renting a forklift would have entailed delaying the installation project for at least 24 hours for the following reasons: The installation work was to occur at night when the store was closed. Wal-Mart provided the forklift to the contractor's employees around midnight. At that time of night, rental yards, where substitute equipment might have been obtained, were closed. Admittedly, Wal-Mart was not the only one at fault, but then the jury's verdict reflected that.

With regard to the jury's verdict, Wal-Mart contends it should not be held liable for its negligence because the jury found the contractor was *primarily* (55 percent) at fault. We have stated that " 'it would be unfair to impose liability on the hiring person when the liability of the contractor, the one primarily responsible for the worker's on-the-job injuries, is limited to providing workers' compensation coverage.' " (*Camargo, supra,* 25 Cal.4th at p. 1244, quoting *Toland, supra,* 18 Cal.4th at p. 267.) However, in this case, as well as in *Hooker,* the hirer's affirmative contribution to the employee's injuries eliminates the unfairness in imposing liability where the contractor is primarily at fault.

Finally, Wal-Mart contends that, in a suit for negligent provision of unsafe equipment, imposition of liability on a hirer for injuries to an employee of an independent contractor would violate the spirit of the workers' compensation exclusivity rule and give the employee an unwarranted windfall. For the reasons stated in *Hooker,* these contentions should be rejected. (See *Hooker, supra,* 27 Cal.4th at pp. 213-214.)

The judgment of the Court of Appeal is affirmed.

George, C. J., Kennard, J., Baxter, J., Chin, J., and Moreno, J., concurred

**WERDEGAR, J.**—I concur in the result. But as in the companion case, *Hooker v. Department of Transportation* (2002) 27 Cal.4th 198 [115 Cal.Rptr.2d 853, 38 P.3d 1081] (*Hooker*), I disagree with the majority's rule limiting a hirer's liability for its own negligence to acts that "affirmatively contribute[]" to the injury of a contractor's employee (maj. opn., *ante,* at p. 222). That limitation is an unwarranted intrusion into the jury's role in finding facts and allocating fault.

In the present case, Wal-Mart Stores, Inc. (Wal-Mart) argues it should not be liable because the jury found it only 23 percent at fault, while finding the

contractor 55 percent at fault, arguably making the contractor the party "primarily" at fault. Wal-Mart's position is in obvious conflict with the principles of comparative fault. That one party is deemed less responsible than another, or that the more responsible party is assigned more than 50 percent of the fault, does not exonerate or immunize the less responsible party, though it may reduce that party's ultimate liability. The majority is therefore correct to reject Wal-Mart's position, but in substituting its own "affirmatively contribute[]" test (maj. opn., *ante*, at pp. 225-226), the majority makes essentially the same error as Wal-Mart. As I explain in my dissent in *Hooker*, *supra*, 27 Cal.4th 198, 215, that one party is deemed to have negligently contributed to an accident only by *omission*, or that another party contributed to the accident by affirmative act, does not exonerate or immunize the party contributing by omission, though it may well reduce that party's ultimate liability.

The distinction between act and omission, or activity and passivity, is likely to be important to a jury in allocating fault, but it does not properly play a role in a court's decision whether a hirer may be liable *at all* for injuries to a contractor's employee. (See *Hooker*, *supra*, 27 Cal.4th at pp. 216-217 (dis. opn. of Werdegar, J.).) Just as the majority in this case accepts the jury's allocation of fault even though Wal-Mart "requested," rather than "insist[ed]," that its own forklift be used (maj. opn., *ante*, at p. 225), so should it accept a jury's allocation of fault (if supported by all the evidence) without imposing a rule of complete immunity for hirers who contribute to an accident by negligent omission rather than affirmative act.