[No. B159011. Second Dist., Div. Three. Feb. 2, 2004.]

LOCKHEED LITIGATION CASES.

## Counsel

Girardi and Keese, Thomas V. Girardi, Robert W. Finnerty and Carrie J. Rognlien for Plaintiffs and Appellants.

Rose, Klein & Marias and David A. Rosen for Consumer Attorneys of California as Amicus Curiae on behalf of Plaintiffs and Appellants.

Horvitz & Levy, Ellis J. Horvitz, David M. Axelrad and Mary-Christine Sungaila for Defendants and Respondents ExxonMobil Corporation and Union Oil Company of California.

Steptoe & Johnson, Laurence F. Janssen, Lawrence P. Riff and Kevin C. Mayer for Defendant and Respondent ExxonMobil Corporation.

Morgan, Lewis & Bockius, V. Thomas Meador III and Deanne L. Miller for Defendant and Respondent Union Oil Company of California.

## OPINION

**KITCHING,** Juanita Barnett Boyd and 101 other plaintiffs (collectively Plaintiffs) appeal a summary judgment in favor of ExxonMobil Corporation (Exxon) and Union Oil Company of California (Union Oil). Plaintiffs seek damages for wrongful death allegedly caused by exposure to toxic chemicals. Plaintiffs contend the exclusion of their expert's declaration on causation was error. We conclude that an expert opinion must be based on matter that provides a reasonable basis for the opinion and that the trial court did not err by excluding a declaration that did not comply with this rule. We therefore affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Former and current employees of Lockheed Corporation (Lockheed) sued Lockheed and manufacturers and suppliers of chemicals, seeking damages for personal injuries allegedly caused by occupational exposure to chemicals. The actions were coordinated in Lockheed Litigation Cases, Judicial Council Coordination Proceeding No. 2967. The coordinated actions have been tried in groups of plaintiffs. The Court of Appeal has decided appeals arising from six prior trials.

Plaintiffs in this appeal, known as Group 6B, seek damages for wrongful death allegedly caused by exposure to acetone, toluene, methyl ethyl ketone (MEK), and isopropyl alcohol supplied by Exxon, and exposure to MEK and super high flash naptha supplied by Union Oil.

The trial court on its own motion ordered hearings to determine whether Plaintiffs' expert's opinion on the issue of causation was admissible, and posed three questions:

(1) "For general causation, what is the standard of admissibility under California law for an expert opinion (what standard must evidence satisfy in order for an expert to reasonably rely upon that evidence in forming his or her opinions)?"

(2) "Do the proffered experts' opinions for the wrongful death cases satisfy the standard of admissibility under California law? (Are the studies the expert

purports to rely upon of the type that California deems permissible and sufficient for the expert to reasonably rely upon to form the basis of an admissible expert opinion?)"

(3) "Do the defendants have the right to challenge general causation on the chemicals already adjudicated or is general causation the law of the case regarding those chemicals?"

After briefing by the parties, the trial court expressed its tentative opinion that an expert reasonably can rely on an epidemiological study to support an opinion on causation only if the study shows a relative risk of greater than 2.0, meaning that the incidence of disease among exposed persons is more than two times greater than that among unexposed persons. The court stated that it would make a final ruling on the admissibility of Plaintiffs' expert testimony only after the submission of evidence.

Plaintiffs then submitted a declaration on causation by Dr. Daniel Teitelbaum. Dr. Teitelbaum based his opinion on a study by the International Agency for Research Against Cancer published in 1989. The study analyzed prior epidemiological studies of painters' exposure to dozens of chemicals, including acetone, toluene, and MEK, and concluded that the painters experienced a 40 percent greater incidence of lung cancer and a 20 percent greater incidence ·of various other types of cancer than did the general population.

The court determined that the study did not provide a reasonable basis for Dr. Teitelbaum's opinion and excluded his expert testimony. The court concluded in an order dated June 15, 2001, that (1) the study did not support the conclusion that the chemicals at issue here can cause cancer; and (2) as a matter of law, an expert reasonably can rely on an epidemiological study to support an opinion on causation only if the study shows a relative risk of greater than 2.0.

Exxon and Union Oil moved for summary judgment on the ground that Plaintiffs could not establish the element of causation. The court excluded Dr. Teitelbaum's declaration, concluded that there was no admissible evidence to establish causation, and granted summary judgment.

## CONTENTIONS

Plaintiffs contend (1) an expert reasonably can rely on an epidemiological study showing a relative risk of less than 2.0 to support an opinion on causation; (2) Dr. Teitelbaum's expert opinion is based on matter that an expert reasonably can rely on in forming an opinion (Evid. Code, § 801, subd. (b)); (3) the trial court improperly decided a question of fact by

concluding that the study did not reasonably support the opinion that the chemicals at issue here can cause cancer; and (4) the Court of Appeal has held that plaintiffs in prior trials in these consolidated actions presented substantial evidence of causation, so the admissibility and legal sufficiency of Dr. Teitelbaum's expert opinion are law of the case.

## DISCUSSION

■ We independently review an order granting summary judgment. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860 [107 Cal.Rptr.2d 841, 24 P.3d 493].) We review a ruling underlying the order under the standard of review applicable to the particular ruling. (*Id.* at p. 859.)

■ An expert opinion may be based on inadmissible matter provided that the matter provides a reasonable basis for the opinion. (Evid. Code, § 801, subd. (b); *People v. Gardeley* (1996) 14 Cal.4th 605, 618 [59 Cal.Rptr.2d 356, 927 P.2d 713]; *Pacific Gas & Electric Co. v. Zuckerman* (1987) 189 Cal.App.3d 1113, 1135–1136 [234 Cal.Rptr. 630].) Evidence Code section 801 states, "If a witness is testifying as an expert, his testimony in the form of an opinion is limited to such an opinion as is: [¶] . . . [¶] (b) Based on matter (including his special knowledge, skill, experience, training, and education) perceived by or personally known to the witness or made known to him at or before the hearing, whether or not admissible, that is of a type that *reasonably may be relied upon by an expert in forming an opinion upon the subject to which his testimony relates*, unless an expert is precluded by law from using such matter as a basis for his opinion." (Italics added.)

"The value of opinion evidence rests not in the conclusion reached but in the factors considered and the reasoning employed. [Citations.] Where an expert bases his conclusion upon assumptions which are not supported by the record, upon matters which are not reasonably relied upon by other experts, or upon factors which are speculative, remote or conjectural, then his conclusion has no evidentiary value." (*Pacific Gas & Electric Co. v. Zuckerman, supra*, 189 Cal.App.3d at p. 1135.)

Plaintiffs argue that under Evidence Code section 801, subdivision (b), a court should determine only whether the type of matter that an expert relies on in forming his or her opinion is the type of matter that an expert reasonably can rely on in forming an opinion, without regard to whether the matter relied on reasonably does support the particular opinion offered. According to Plaintiffs, since an expert reasonably can rely on an epidemiological study in forming an opinion, the trial court must admit any expert opinion testimony based on an epidemiological study. We reject this argument.

■ An expert opinion has no value if its basis is unsound. (*People v. Lawley* (2002) 27 Cal.4th 102, 132 [115 Cal.Rptr.2d 614, 38 P.3d 461]; *People v. Bassett* (1969) 69 Cal.2d 122, 141, 144 [70 Cal.Rptr. 193, 443 P.2d 777].) Matter that provides a reasonable basis for one opinion does not necessarily provide a reasonable basis for another opinion. Evidence Code section 801, subdivision (b), states that a court must determine whether the matter that the expert relies on is of a type that an expert reasonably can rely on "in forming an opinion *upon the subject to which his testimony relates.*" (Italics added.) We construe this to mean that the matter relied on must provide a reasonable basis for the particular opinion offered, and that an expert opinion based on speculation or conjecture is inadmissible. (*Smith v. ACandS, Inc.* (1994) 31 Cal.App.4th 77, 93 [37 Cal.Rptr.2d 457], disapproved on another point in *Camargo v. Tjaarda Dairy* (2001) 25 Cal.4th 1235, 1245 [108 Cal.Rptr.2d 617, 25 P.3d 1096]; see Cal. Law Revision Com. com., 29B West's Ann. Evid. Code (1995 ed.) foll. § 801, p. 20 ["irrelevant or speculative matters are not a proper basis for an expert's opinion"].)

■ A trial court exercises discretion when ruling on the admissibility of expert testimony under Evidence Code section 801, subdivision (b). If the court excludes expert testimony on the ground that there is no reasonable basis for the opinion, we review the exclusion of evidence under the abuse of discretion standard. (*People v. Mickey* (1991) 54 Cal.3d 612, 687–688 [286 Cal.Rptr. 801, 818 P.2d 84]; *People v. Bui* (2001) 86 Cal.App.4th 1187, 1196 [103 Cal.Rptr.2d 908].) To the extent the ruling is based on the trial court's conclusion of law, we review the legal conclusion de novo. (*Penner v. County of Santa Barbara* (1995) 37 Cal.App.4th 1672, 1676 [44 Cal.Rptr.2d 606].)

The 1989 study reviewed epidemiological studies of painters who potentially were exposed to more than 130 different chemicals and other substances, including acetone, toluene, and MEK, and thousands of chemical compounds. Dr. Teitelbaum acknowledged that some of the chemicals the subjects were exposed to were known carcinogens. The study provided the sole basis for Dr. Teitelbaum's opinion that Plaintiffs' exposure to a complex mixture of chemicals, including the chemicals at issue here, was a substantial factor that resulted in an increased risk of cancer. Dr. Teitelbaum acknowledged that because the subjects were exposed to numerous chemical compounds, the study did not indicate whether any single chemical contributed to an increased risk of cancer.

The study showed that painters who potentially were exposed to a long list of more than 130 substances and thousands of chemical compounds contracted cancer at a rate greater than the national average. The study did not indicate, however, whether persons exposed to only the five chemicals supplied by Exxon and Union Oil contracted cancer at a rate greater than the

national average, because the study subjects were exposed to many other chemicals, including known carcinogens. Dr. Teitelbaum's opinion that Plaintiffs' exposure to chemicals supplied by Exxon and Union Oil caused a greater incidence of cancer therefore was based on conjecture and speculation as to which of the many substances to which the study subjects were exposed contributed to the greater incidence of cancer.

We conclude that the exclusion of Dr. Teitelbaum's testimony on the ground that the study provided no reasonable basis for the opinion that Plaintiffs' alleged exposure to chemicals supplied by Exxon and Union Oil resulted in an increased risk of cancer was not an abuse of discretion. Because Plaintiffs presented no other evidence on this issue, it follows that the court properly granted summary judgment on the ground that Plaintiffs cannot establish causation. In light of our conclusion, we need not address the alternative ground the trial court relied on to exclude the evidence.

 Plaintiffs argue that the trial court erred by excluding Dr. Teitelbaum's testimony without holding an additional hearing, involving testimony by other experts, to determine whether experts reasonably can rely on epidemiological studies in forming opinions on causation. We disagree. Evidence that experts reasonably rely on epidemiological studies in forming opinions on causation is of no assistance to Plaintiffs when the study on which Dr. Teitelbaum relies provided no reasonable basis for his opinion. Moreover, a trial court can determine whether there is a reasonable basis for an expert opinion by examining the opinion and the matters on which the expert relies, and does not require evidence from a second level of experts in making this determination.

Plaintiffs argue that the prior hearings on the admissibility of Plaintiffs' expert testimony focused on the question of relative risk, that Plaintiffs were "unfairly blindsided" by the ruling that the 1989 study provided no reasonable basis for Dr. Teitelbaum's conclusion, and that therefore we should disregard that ruling and limit our review to the question of relative risk. Plaintiffs' argument is unpersuasive. Our review of the record reveals that Plaintiffs had ample opportunity to address, and did address, the admissibility of their expert's opinion under the general admissibility standard of Evidence Code section 801, subdivision (b), apart from the question of relative risk.

Moreover, Exxon and Union Oil moved for summary judgment on the grounds that Plaintiffs could not reasonably obtain admissible evidence of causation due to the exclusion of Dr. Teitelbaum's testimony, and that the declarations of the defendants' experts showed that there was no causation. Exxon and Union Oil satisfied their burden as moving parties, so the burden shifted to Plaintiffs to create a triable issue of material fact by presenting

evidence of causation. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co., supra,* 25 Cal.4th at pp. 854–855.) The only evidence submitted by Plaintiffs in opposition to the summary judgment motions was a declaration by Dr. Teitelbaum. Even if we concluded that Plaintiffs did not present their strongest evidence of causation at the prior admissibility hearings because they were misled as to the questions at issue in those hearings, which does not appear to be the case, Plaintiffs were required to present admissible evidence of causation in opposition to the summary judgment motions. Plaintiffs' purported surprise at the prior ruling that Dr. Teitelbaum's testimony was based on a study that provided no reasonable basis for his opinion, a ruling that we affirm, does not excuse their failure to oppose the summary judgment motions by presenting an expert declaration on causation based on matter that provides a reasonable basis for the opinion.

■ Finally, the fact that the Court of Appeal has affirmed judgments for the plaintiffs in prior trials does not indicate that the appellate court in those appeals necessarily decided that Dr. Teitelbaum's expert testimony was admissible or sufficient to support a verdict. Plaintiffs have not shown that the admissibility or sufficiency of Dr. Teitelbaum's testimony was disputed or decided in the prior appeals, and our review of the appellate opinions reveals that the appellate court did not decide those questions. We therefore conclude that law of the case did not prevent the trial court from excluding Dr. Teitelbaum's testimony.

## DISPOSITION

The judgment is affirmed. Exxon and Union Oil are entitled to costs on appeal.

Croskey, Acting P. J., and Boren, J.,* concurred.

---

*Presiding Justice of the Court of Appeal, Second Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.