**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

AUG 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD THOMPSON, et al., | No. 09-55424 |
| Plaintiffs - Appellants, | D.C. No. 3:07-cv-00478-MMA-POR |
| v. | |
| NATIONAL STEEL AND SHIPBUILDING COMPANY, | MEMORANDUM\* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted April 9, 2010
Pasadena, California

Before: D.W. NELSON and REINHARDT, Circuit Judges, and WHALEY, Senior District Judge.\*\*

In this diversity action, Plaintiffs Richard and Cheryl Thompson brought suit

against NASSCO for damages to compensate them for injuries Richard Thompson

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\*     The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

sustained while working for IMIA, a subcontractor of NASSCO. NASSCO operates a San Diego shipyard. IMIA provides sandblasting and painting services on military cargo ships located at the NASSCO site. Mr. Thompson was seriously injured when the mid-rail of a scaffold he was on gave way and he fell 25 feet to the ground. He broke his back and is a paraplegic.

The Thompsons appeal the district court's decision granting summary judgment in favor of NASSCO. The district court's granting of summary judgment is reviewed *de novo*. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir. 2004). This court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). This is a diversity action and California law applies. *Andrews v. United Airlines, Inc.*, 24 F.3d 39, 40 (9th Cir. 1994). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

The theory under which the Thompsons asserted liability against NASSCO is set forth in *McKown v. Wal-Mart Stores*, 27 Cal. 4th 219 (Cal. 2002). Under California law, the general rule is that an employee of a sub-contractor may not sue the hirer of the sub-contractor in tort, but is restricted instead to a claim against the sub-contractor under the workers' compensation insurance system. *Id.* at 224.

This rule is generally referred to as the *Privette/Toland* rule. *Id.* Exceptions to this general rule have been created by the California courts, including the exception found in *McKown*. In *McKown*, the California Supreme Court held that when a hirer of an independent contractor, by negligently furnishing unsafe equipment to the contractor, affirmatively contributes to the injury of an employee of the contractor, the hirer should be liable to the employee for the consequences of the hirer's own negligence. *Id.* at 225.

The district court erred in concluding that scaffolding was not equipment and that *McKown* did not apply to the facts of this case. Rather, California courts consistently have viewed scaffolding as equipment. *See Elsner v. Uveges,* 34 Cal. 4th 915, 924 (Cal. 2004) (applying *McKown* to a claim involving unsafe scaffolding); *Johnson v. Tosco Corp.*, 1 Cal. App. 4th 123, 134 (Cal. Ct. App. 1st Dist. 1992) (describing scaffolding as equipment); *Biondini v. Amship Corp.*, 81 Cal. App. 2d 751, 765 (Cal. Dist. Ct. App. 1st Dist. 1947) (referring to scaffolding as "appliances"). Thus, *McKown* applies to this case and NASSCO owes a duty to Thompson to provide safe scaffolding.

The district court also erred in concluding there were no triable issues of material fact as to whether NASSCO negligently furnished unsafe equipment to the contractor and whether the provision of the unsafe equipment affirmatively contributed to the injury of an employee of the contractor. On the contrary, there

are a number of triable issues of material fact, including whether the use of

PacStrap was inappropriate and unsafe, whether the use of a 12-foot mid-rail on the

10-foot scaffold was unsafe, and whether the width of the scaffold affirmatively

contributed to Thompson's injuries.[1]  Accordingly, we reverse the grant of

summary judgment in favor of the NASSCO.

In its order, the district court did not address whether negligence per se was

applicable to the case because it concluded that NASSCO did not owe a duty to

Thompson.  This was in error for the reasons stated above.[2]  On remand, the

district court should consider whether negligence per se is applicable to the case.

**REVERSED** and **REMANDED**.

---

[1]The panel does not have to reach the issue of whether the district court
abused its discretion in striking portions of the Declaration of Morris Farkas
because it finds triable issues of fact exist regardless of whether Mr. Farkas'
testimony is considered.

[2]In a footnote, the district court noted that the Thompsons did not allege in
their complaint that the doctrine of negligence per se applied to the facts of this
case, but it did not rule on this issue in the alternative.  Unlike California law,
under the law of this Circuit, "[t]he complaint ... does not control the issues
properly before th[e] court." *Apache Survival Coalition v. U.S.*, 21 F.3d 895, 910
(9th Cir. 1994).  "[W]hen issues are raised in opposition to a motion for summary
judgment that are outside the scope of the complaint, the district court should have
construed the matter raised as a request pursuant to rule 15(b) of the Federal Rule
of Civil Procedure to amend the pleadings out of time." *Id.* (internal quotations
and alterations omitted). A federal court sitting in diversity applies the federal rules
of pleading.  *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 661 (9th Cir.
1999).