**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 31 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRAIG HANUS, | No. 17-55482 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-00922-DMG-KK |
| and | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Lien Claimant, | MEMORANDUM[*] |
| Claimant, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted August 29, 2018[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  WARDLAW, BYBEE, and IKUTA, Circuit Judges.

Craig Hanus appeals from the district court's grant of summary judgment to the United States for his claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674.  We have jurisdiction under 28 U.S.C. § 1291.

The district court did not err in holding that the United States was entitled to summary judgment because, even if the United States knew of its independent contractor's unsafe practice and failed to exercise its authority to correct that unsafe practice, "mere retention of the ability to control safety conditions is not enough" to sustain a claim of negligent exercise of retained control.  *Hooker v. Dep't of Transp.*, 27 Cal. 4th 198, 209 (2002).  Further, the district court did not err in holding that there was no genuine issue of material fact as to whether the United States furnished unsafe equipment since there is no evidence in the record that the United States knew Hanus was using the equipment unsafely.  *McKown v. Wal-Mart Stores, Inc.*, 27 Cal. 4th 219, 225 (2002).  Though Hanus's brief contains references to inadequate lighting, he fails to raise the issue distinctly and therefore forfeited it.  *Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1182 (9th Cir. 2001).

**AFFIRMED.**